

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MORALES,<br><br>                             Plaintiff,<br>     vs.<br><br>UNITED STATES OF AMERICA,<br><br>                            Defendant. | Case No 10cv2013 BEN (CAB)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>[Dkt. Nos. 2, 3] |

### INTRODUCTION

Plaintiff Jonathan Morales commenced this action against Defendant United States of America.[1] Instead of paying the $350.00 filing fee, Morales moves to proceed in forma pauperis ("IFP"). Dkt. No. 2. He also moves for appointment of counsel. Dkt. No. 3. Because Morales has failed to state any claim upon which relief may be granted, these motions are denied and the action is *sua sponte* dismissed.

///

///

///

---

[1] This Court previously dismissed Plaintiff's Complaint in Case No. 10cv1675 BEN (CAB) for failing to state a claim. It appears that rather than seeking leave to amend in that case, Plaintiff filed this new case.

- 1 -

10cv2013

## DISCUSSION

### I. *Sua Sponte* Dismissal

When a party is proceeding IFP, "the court shall dismiss the case at any time if . . . the action . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *see also O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (finding a "district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous.").

Here, the Complaint states that the United States failed to return his property — backpack and jacket — to him when he was released from jail. Dkt. No. 1. He seeks $459.00 in reimbursement for the value of the property. *Id.* Viewing the allegations of Plaintiff's Complaint liberally, the Court believes Plaintiff is attempting to state a claim under the Federal Tort Claims Act ("FTCA"). However, a claimant cannot sue the United States without "first giv[ing] the appropriate federal agency the opportunity to resolve the claim." *Cadwater v. United States*, 45 F.3d 297, 300 (9th Cir. 1995) (citing 28 U.S.C. § 2675(a)). "This administrative claim prerequisite is jurisdictional" and "must be strictly adhered to." *Id.* Section 2675 specifically prohibits a claim against he United States for lost property "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." Plaintiff has not alleged when or if he submitted a claim to the appropriate federal agency or that any such claim has been denied in writing. Accordingly, Plaintiff has failed to state a claim upon which relief may be granted and *sua sponte* dismissal is appropriate. Having dismissed the Complaint, Plaintiff's motions to proceed IFP and for appointment of counsel are moot.

### II. Leave to Amend

Courts generally grant leave to amend unless amendment would be futile. *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008). The Court will provide Plaintiff with an opportunity to file an amended complaint. Plaintiff is granted 60 days leave from the date of the entry of this order to reinstate the case by paying the $350 filing fee or submitting an amended IFP application **and** filing a First Amended Complaint ("FAC") that cures the deficiencies identified by the Court. The Court notes that the FAC must comply with Federal Rule of Civil Procedure 8. Specifically, the FAC must

provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PROC. 8(a)(2). Plaintiff must also indicate if he submitted an administrative claim to the appropriate Federal agency, when he submitted the claim, and if he has received a denial in writing. Additionally, pursuant to Civil Local Rule 15.1, Plaintiff's FAC must be complete in itself without reference to the previously filed Complaint. The Court cautions Plaintiff that his FAC may be dismissed without further leave to amend if it also fails to state a claim.

## CONCLUSION

The Court *sua sponte* dismisses the Complaint without prejudice, **DENIES** the motion to proceed IFP and request for appointment of counsel, and **GRANTS** Plaintiff leave to file a First Amended Complaint.

**IT IS SO ORDERED.**

Dated: March 04, 2011

Hon. Roger T. Benitez
United States District Judge