# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MORALES,<br><br>　　　　　　　　　　　Plaintiff,<br>　　vs.<br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Defendant. | Case No 10cv2013 BEN (CAB)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE**<br><br>[Dkt. Nos. 8, 9] |

　　　　Plaintiff Jonathan Morales commenced this action against Defendant United States of America.[1] Instead of paying the $350.00 filing fee, Morales moved to proceed in forma pauperis ("IFP"). (Dkt. No. 2.) He also moved for appointment of counsel. (Dkt. No. 3.) The Court found that Plaintiff failed to state a claim and dismissed his Complaint with leave to file an amended complaint. (Dkt. No. 5.) Plaintiff has filed a First Amended Complaint ("FAC"), a motion for leave to proceed IFP, and a motion to appoint counsel. (Dkt. Nos. 7-9.) Because Morales has failed to state a claim upon which relief may be granted the action is *sua sponte* dismissed and the motions are **DENIED.**

///

///

---

[1] The Court previously dismissed Plaintiff's Complaint in Case No. 10cv1675 BEN (CAB) for failing to state a claim.

**DISCUSSION**

**I.     *Sua Sponte* Dismissal**

When a party is proceeding IFP, "the court shall dismiss the case at any time if . . . the action . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001); *see also O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990) (finding a "district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous.").

Here, the FAC states that the United States failed to return his property — backpack and jacket — to him when he was released from jail. (Dkt. No. 7.) Plaintiff claims he made arrangements for his property to be held, but when he was released from jail, he did not receive his property. Plaintiff asserts that he is stating a claim under the Federal Tort Claims Act ("FTCA") and is seeking $459.00 in reimbursement for the value of the property. *(Id.)* He alleges that he submitted an administrative claim on January 14, 2009. Plaintiff also attaches the certified letter from U.S. Customs and Border Protection, dated April 1, 2009, denying his claim.

"Unless Congress enacts legislation that subjects the federal government to tort liability, the United States, as sovereign, cannot be sued." *Marley v. United States*, 567 F.3d 1030, 1034 (9th Cir. 2009). The FTCA is a limited waiver of this immunity. *Id.* When there are conditions to that waiver, such as deadlines for filing, "those conditions must be 'strictly observed.'" *Id.* And while there are instances where equitable doctrines may toll a statute of limitations, those doctrines cannot be applied when the limitations are jurisdictional. *Id.* at 1034.

"A tort claim against the United States must first be presented in writing to the appropriate federal agency within two years of its accrual, and suit *must be brought within six months of denial of the claim by the agency to which it was presented*." *Bartleson v. United States*, 96 F.3d 1270, 1276 (9th Cir. 1996) (emphasis added) (citing 28 U.S.C. § 2401); *Lehman v. United States*, 154 F.3d 1010, 1013 (9th Cir. 1998). This six-month limitation "in § 2401(b) is jurisdictional and . . . failure to file a claim within that time period deprives the federal courts of jurisdiction." *Marley v. United States*, 567 F.3d 1030, 1038 (9th Cir. 2009).

///

1       Plaintiff's denial letter was dated April 1, 2009. He had until October 1, 2009 to file suit in district court. The denial letter itself advises Plaintiff "[i]f you wish to contest this decision, you must file a lawsuit in the appropriate United States federal district court no later than six months after the mailing date of this letter." (FAC, Ex. B.) Plaintiff filed his initial claim, in this Court, in Case No. 10cv1675 BEN (CAB) on August 10, 2010, more than ten months late. Plaintiff's action is untimely.

      Plaintiff claims in his FAC that his "[d]elay in filing was caused by filing against the wrong party in small claims and my initial complaint was dismissed." Plaintiff's mistake in filing does not save him from the six-month requirement of § 2401(b). "[B]ecause § 2401(b) is jurisdictional, [the Court] must refrain from using . . . equitable tolling to excuse Plaintiff's untimeliness." *Id.* at 1037. To do otherwise "would impinge on Congress' role as regulator of the jurisdiction of the federal courts." *Id.* In short, Plaintiff did not file suit within the six-month limitations period and his delay cannot be excused. Accordingly, Plaintiff's FAC is **DISMISSED** without prejudice. Having dismissed the FAC, Plaintiff's motions to proceed IFP and for appointment of counsel are moot.

## CONCLUSION

      The Court *sua sponte* dismisses the FAC without prejudice and **DENIES** the motion to proceed IFP and request for appointment of counsel.

**IT IS SO ORDERED.**

DATED: May 23, 2011

                                                    Hon. Roger T. Benitez
                                                    United States District Judge